IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROCKY MOUNTAIN HOLDINGS,

      Plaintiff/Counter-Defendant,

v.                                         CASE NO. 5:13-cv-58-RS-GRJ

LONNIE T. JOHNSON and
SHAUNNA JOHNSON,

      Defendants/Counter-Plaintiffs.

_____/

## ORDER

      This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 29) and Defendants' Motion for Sanctions. (Doc. 31.) A telephonic hearing was held before the undersigned on this date to discuss the issues raised in each motion. For the reasons discussed below, Plaintiff's Motion for Reconsideration is due to be granted and Defendants' Motion for Sanctions is due to be denied.

## BACKGROUND

      This case was removed from state court by Plaintiff on February 27, 2013. (Doc. 1.) Plaintiff's complaint raises one claim of breach of contract and one claim of unjust enrichment. (Doc. 1, Attachment 6.) The claims stem from a December 22, 2010, incident where Defendants' minor child was bitten by a snake and transported by helicopter from Florida to Alabama. On March 24, 2011, Defendants' insurer paid $6,899.00 towards the charges incurred as a result of the air transportation. Plaintiff seeks the $22,400.00 balance of Defendants' account, interest through the date judgment is entered, attorneys fees, and court costs. Defendants have filed

counterclaims alleging that Plaintiff violated the federal Fair Debt Collection Practices Act and the Florida Consumer Collections Practices Act by continuing to attempt direct contact with Defendants to collect the debt after Defendants secured legal representation and by failing to timely verify the debt.  Defendants/Counter-Plaintiffs seek actual damages, $2,000.00 in statutory damages, $500,000 in punitive damages, attorneys fees, and courts costs.  (Doc. 1, Attachment 5.)  A Scheduling and Mediation Order was entered on June 4, 2013, establishing a discovery deadline of October 24, 2013.  (Doc. 18.)  A subsequent Pretrial Order (Doc. 30) set a Pretrial Conference for January 21, 2014 and jury trial for January 27, 2014.

On October 15, 2013, less than a week prior to the end of the discovery period, Defendants filed a motion to compel discovery, representing that Plaintiff was unresponsive to discovery requests served on September 4 and 9, 2013.  (Doc. 27.) The Court granted the motion to compel the following day, ordering Plaintiff to respond to the discovery requests on or before October 24, 2013, and to file a response to Defendants' request for attorney fees on or before November 1, 2013.  (Doc. 28.)

## DISCUSSION

Plaintiff has filed a motion for reconsideration urging the Court to reconsider its Order granting the motion to compel.  (Doc. 28.)  Plaintiff alleges that the email service of Defendants' first and second requests to produce and first and second interrogatories was void because Plaintiff never consented to service by electronic means, and written consent to electronic service is required by Fed. R. Civ. P. 5(b)(2)(E).  (Doc. 29.)  Furthermore, Plaintiff contends that Defendants' service of their second interrogatories was nonexistent, because they were not actually included in the

email that purported to serve them.

In response, Defendants filed a Motion for Imposition of Sanctions for Failure to Comply with Discovery Order (Doc. 31), alleging that counsel for Plaintiff did not contact counsel for Defendants regarding the discovery issues and did not respond to Defendants' counsel's attempt at communication. Defendants further allege that Plaintiff consented to electronic service of discovery requests by using the Court's electronic filing system, and pursuant to Local Rule 5.1(A)(5). Defendants argue that the sanctions of dismissal and assessment of attorney's fees are due to be imposed against Plaintiff.

With regard to the issue of proper service of the discovery requests, Plaintiff is correct that service of the discovery requests was technically improper because Plaintiff did not consent in writing to such service. Defendants' argument that Plaintiff's consent to electronic filing with the Court, pursuant to Local Rule 5.1(A)(5), was consent to electronic service of discovery requests is unavailing. The Court's registration form specifically states that registration "does not constitute consent to electronic service of documents that are not filed with the Court (such as Rule 26 disclosures or discovery requests), but consent to electronic service of such papers may be given separately, in writing, in according with Federal Rule of Civil Procedure 5(b)(2)[E]."[1]

Despite the defects in service of the discovery requests (and the failure to attach Defendants' second set of interrogatories to the email notice), the Court finds that in the interests of fairness and because Defendants made good faith efforts to resolve the

---

[1]The attorney registration from for the Court's electronic filing system is available at www.flnd.uscourts.gov/attorneys/cmecf/cmecfReg.cfm.

dispute prior to the end of the discovery period, Plaintiff shall be required respond to Defendants' discovery requests. During the telephonic hearing, Plaintiff's counsel consented to receiving the discovery requests electronically. Defendant advised that he will serve the first and second requests to produce and first and second interrogatories electronically on today's date.

In preparing for the hearing the Court discovered that this case was removed from state court by the Plaintiff – and not by the Defendant – apparently because the counterclaim raised a claim based upon violation of the Fair Debt Collection Practices Act. Because the removal may have been improper the Court discussed with the parties at the hearing whether the Court had subject matter jurisdiction in this case.

As an initial matter, only "true" defendants, not counterclaim defendants, are permitted to remove to federal court. *See* 28 U.S.C. § 1441(a) (providing that defendants may remove an action from state court to federal court); *Seminole County v. Pinter Enterprises, Inc.*, 184 F. Supp. 2d 1203, 1207 (M.D. Fla. 2000) ("Case law interpreting the removal statute clearly states that plaintiff/counter-defendants are not automatically permitted to act as defendants for purposes of utilizing the removal statute"). Furthermore, the underlying complaint–a breach of contract suit seeking $22,400.00 plus interest and fees–does not appear on its face to support federal subject matter jurisdiction. There is no federal question raised in the complaint, and even if there is diversity of citizenship because Plaintiff is a Colorado corporation and Defendants are Florida residents, the amount in controversy does not exceed $75,000.00. 28 U.S.C. § 1332(a). Accordingly, the Court will direct the parties to brief the issue of subject matter jurisdiction to determine if further action is necessary.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Motion for Reconsideration (Doc. 29) is **GRANTED.**  Defendants shall serve (electronically, given Plaintiff's consent on the record to such means of service) their first and second request to produce and first and second interrogatories on today's date.  Plaintiff shall produce all responsive documents to Defendants' first and second requests to produce and provide complete answers to Defendants' first and second interrogatories within the time prescribed by the Federal Rules of Civil Procedure.  Defendants' request for attorney's fees in the Motion to Compel is denied.

2.  The discovery period in this case is extended for the sole purpose of securing responses to Defendants' discovery requests.  No other deadlines (e.g., the deadline to file dispositive motions) are affected by this limited extension.

3.  The Court's Order granting the motion to compel (Doc. 28) is **VACATED.**

4.  Defendants' motion for sanctions (Doc. 31) is **DENIED.**

5.  The parties are directed to file briefs with the Court on the issue of this Court's subject matter jurisdiction on or before **November 12, 2013.**  The briefs may not exceed 10 pages.

**DONE AND ORDERED** this 31st day of October, 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge