IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROCKY MOUNTAIN HOLDINGS,

    Plaintiff/Counter-Defendant,

v.                                                     CASE NO. 5:13-cv-58-RS-GRJ

LONNIE T. JOHNSON and
SHAUNNA JOHNSON,

    Defendants/Counter-Plaintiffs.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the parties' briefs on subject matter jurisdiction. (Docs. 34, 38.) In preparing for a previous hearing in this matter, the undersigned noted that this case was removed from state court by the Plaintiff – and not by the Defendant – apparently because the counterclaim raised a claim based upon violation of the Fair Debt Collection Practices Act. Because the removal may have been improper the Court discussed with the parties at the hearing whether the Court had subject matter jurisdiction in this case and ordered the parties to brief the issue. Plaintiff/Counter-Defendant Rocky Mountain Holdings concedes in its brief that it improperly removed this case to federal court and requests the Court remand the case to state court. (Doc. 38.) For the reasons discussed below, this Court lacks subject matter jurisdiction over the instant matter and therefore it is recommended that the case be remanded to state court.

## BACKGROUND

This case was removed from state court by Plaintiff on February 27, 2013. (Doc.

1.) Plaintiff's complaint raises one claim of breach of contract and one claim of unjust enrichment. (Doc. 1, Attachment 6.) The claims stem from a December 22, 2010, incident where Defendants' minor child was bitten by a snake and transported by helicopter from Florida to Alabama. On March 24, 2011, Defendants' insurer paid $6,899.00 towards the charges incurred as a result of the air transportation. Plaintiff seeks the $22,400.00 balance of Defendants' account, interest through the date judgment is entered, attorneys fees, and court costs. Defendants have filed counterclaims alleging that Plaintiff violated the federal Fair Debt Collection Practices Act and the Florida Consumer Collections Practices Act by continuing to attempt direct contact with Defendants to collect the debt after Defendants secured legal representation and by failing to timely verify the debt. Defendants/Counter-Plaintiffs seek actual damages, $2,000.00 in statutory damages, $500,000 in punitive damages, attorneys fees, and courts costs. (Doc. 1, Attachment 5.)

## **DISCUSSION**

Only "true" defendants, not counterclaim defendants, are permitted to remove to federal court. *See* 28 U.S.C. § 1441(a) (providing that <u>defendants</u> may remove an action from state court to federal court); *Seminole County v. Pinter Enterprises, Inc.*, 184 F. Supp. 2d 1203, 1207 (M.D. Fla. 2000) ("Case law interpreting the removal statute clearly states that plaintiff/counter-defendants are not automatically permitted to act as defendants for purposes of utilizing the removal statute"). Furthermore, the underlying complaint–a breach of contract suit seeking $22,400.00 plus interest and fees–does not appear on its face to support federal subject matter jurisdiction. There is no federal question raised in the complaint, and even if there is diversity of citizenship

because Plaintiff is a Colorado corporation and Defendants are Florida residents, the amount in controversy does not exceed $75,000.00. 28 U.S.C. § 1332(a). The Court may remand *sua sponte* for lack of subject matter jurisdiction. *See, e.g., Wisconsin DOC v. Schacht*, 524 U.S. 381, 392 (1998) (holding that remand where removal is defective because of lack of subject-matter jurisdiction "may take place without such a motion [to remand] and at any time."). Accordingly, this Court lacks subject matter jurisdiction over this matter and it is due to be remanded to state court.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the Court direct the Clerk to remand the case to state court (in the 14th Judicial Circuit, Holmes County) and to close the file and terminate all pending motions.

**IN CHAMBERS** in Gainesville, Florida, on the 8th day of November 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**